IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Bradley Hackett,<br><br>       Plaintiff,<br><br>v.<br><br>Quicken Loans Inc.,<br><br>       Defendant. | Civil Action No. 6:18-cv-02151-PGB-DCI<br><br>**ORAL ARGUMENT REQUESTED** |

**QUICKEN LOANS INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

   Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Quicken Loans Inc. ("Quicken Loans") moves to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Bradley Hackett ("Hackett" or "Plaintiff") in its entirety for failure to state a cognizable claim for violation of the cellphone provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii).

## INTRODUCTION

This is Hackett's third complaint in this action purporting to allege a Telephone Consumer Protection Act ("TCPA") claim against Quicken Loans. As detailed in Quicken Loans' response (Dkt. No. 30) to Hackett's motion for leave to file the SAC, this latest-version of the complaint arises from a coordinated forum-shopping scheme by Hackett's counsel and counsel in two similar putative, nationwide TCPA class action lawsuits against Quicken Loans, both of which were filed after Hackett had filed this lawsuit (originally as a putative, nationwide class action). In his part of the scheme (described more fully below), Hackett voluntarily dismissed the class and other allegations in the First Amended Complaint (Dkt. No. 14) in order to divert the putative class away from this Court and to the Central District of California, and to help his co-counsel in the other cases evade application of the first-filed doctrine. As a result of those efforts, the allegations in the SAC and the nature of the case against Quicken Loans have, yet again, materially changed.

In stark contrast to his original complaint, which alleged that the text messages he and the putative class received from Quicken Loans concerned health insurance services (Dkt. No. 1 ¶ 28), Hackett's latest iteration of his complaint alleges that Quicken Loans texted him about "locking in loan rates" (SAC ¶ 28). This version also abandons all class allegations, as well as certain allegations by Plaintiff that were included within those class allegation. The SAC, as it now stands, contends that the text messages concerning loan rates that Hackett allegedly received were sent by Quicken Loans with an automatic telephone dialing system ("ATDS"), a required element of his TCPA cellphone provision claims under 47 U.S.C. § 227(b)(1)(A). He brings two counts under the TCPA's cellphone provision, one for an alleged negligent violation, and the second for an alleged intentional violation. For multiple independent reasons, neither count

states a cognizable TCPA claim and each must be dismissed with prejudice rather than give Hackett a fourth bite at the apple.

First, the SAC fails to plead any factual allegations—let alone plausible ones—from which this Court could conclude that the alleged texts were made using an ATDS—a required element of his TCPA cellphone provision cause of action. The ATDS element requires Hackett to plausibly allege that Quicken Loans generated his number randomly or sequentially, and then dialed (or texted) it. 47 U.S.C. § 227(a)(1). The SAC contains no such factual allegations. Instead, Hackett copies and repeats the statutory ATDS definition, and baldly asserts that an ATDS was used to text him. SAC ¶ 30. This type of conclusory pleading devoid of factual enhancement is insufficient to bring Plaintiff's claims across the line from speculative to plausible. *See Cummings v. Rushmore Loan Mgmt. Serv.*, No. 17-1652, 2017 WL 4005455, at *3 (M.D. Fla. Sept. 12, 2017) (Covington, J.) (dismissing TPCA claim; "a plaintiff must provide allegations about the circumstances of the calls received in order to raise the inference that an ATDS was used."); *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (Conway, J.) (dismissing TCPA claim when Plaintiff alleged the content of one single phone call and "fail[ed] to allege any facts tending to create an inference that the calls were made using an automatic telephone dialing system.").

Next, Plaintiff's TCPA claim should be dismissed for want of the necessary factual allegations required by Fed. R. Civ. P. 8 and 12(b)(6). Plaintiff's barebones SAC—which has even fewer factual allegations than the prior version (Dkt. No. 14)—offers little more than a regurgitation of the statutory elements of his TCPA claim and bald assertions of a statutory violation. This is not enough to state a claim as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For example, while Plaintiff is quick to allege that Quicken Loans

violated the cellphone provision by texting him, Plaintiff does not plead the number of texts Quicken Loans purportedly sent, the dates Quicken Loans purportedly sent them, or the content of each text.  *See generally* SAC ¶¶ 26–34.  Hackett purports to attach a screenshot of one challenged text message (SAC Ex. A), but the exhibit adds nothing to evade this Motion because it shows only part of a single text message, fails to show the phone number that sent the text, fails to show the phone number that received the text, and fails to show the date of the text.  Moreover, Hackett alleges that he received multiple text messages from Quicken Loans (SAC ¶ 27), yet he pleads no details (none) about these supposed other texts, and elsewhere refers to "the text message", suggesting he received only a single challenged text.  SAC ¶ 28.  In the absence of basic factual allegations about the challenged text or texts, the SAC provides this Court with no basis to conclude that Hackett's TCPA claims are plausible and deprives Quicken Loans of fair notice of the claims against it in direct violation of Rule 8.

Finally, Hackett's "Second Cause of Action" also fails because there is no standalone claim for treble damages for knowing or willful violation of the TCPA.  SAC ¶¶ 39–42.  Treble damages are a remedy, not a cause of action.  Regardless, even assuming *arguendo* that "treble damages" might be a separate cause of action, the SAC is devoid of any factual allegations of any knowing or willful violation of the cellphone provision by Quicken Loans in connection with any alleged text message to Plaintiff.  The second count thus states no claim at all and must be dismissed.

For these reasons, this Motion should be granted and this case dismissed, with prejudice, before Hackett and his counsel impose additional unnecessary burden and expense upon Quicken Loans in connection with this meritless lawsuit.

## PROCEDURAL HISTORY

Plaintiff filed his original class action complaint on December 17, 2018 (Dkt. No. 1). In response, Quicken Loans timely filed a Motion to Dismiss (Dkt. No. 8) demonstrating that Plaintiff had failed to state a cognizable TCPA claim. Recognizing the merit of that Motion, Plaintiff abandoned his original complaint and filed a First Amended Complaint on January 31, 2019 (Dkt. No. 14). Then, after coordinated forum-shopping efforts between his counsel and counsel representing other plaintiffs who had brought similar suits against Quicken Loans in other courts, Hackett sought to voluntarily drop his class action claims to permit a separate case in another jurisdiction to move forward. *See* Dkt. No. 30 (Quicken Loans' Response to Plaintiff's Second Motion for Leave to File Second Amended Complaint; explaining how Quicken Loans had moved to stay a similar class action in another jurisdiction based on Hackett's "first-filed" class action). In his first such attempt on April 1, 2019, Hackett filed a motion for leave to amend his complaint to remove his class action allegations and companion allegations concerning his own claims that were included within the class allegations. Dkt. No. 27. That motion was denied for failure to comply with Local Rule 3.01(g) requiring that Hackett meet and confer with Quicken Loans before filing the motion. Dkt. No. 28. Hackett then waited over a month to file his second motion for leave to amend, filing it on May 6, 2019 and only after Quicken Loans sent Plaintiff's counsel a letter demanding to know whether Hackett intended to proceed with his class allegations or not. *See* Dkt. No. 30.[1] The Court granted the motion and Hackett filed the SAC on May 29, 2019.

---

[1] Quicken Loans reserves all rights to seek affirmative relief arising from Plaintiff and his counsel's choice to file and litigate this lawsuit as a putative, nationwide class action for five months before dropping the class allegations.

# ARGUMENT

I. **The Motion to Dismiss Standard.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Pursuant to this standard, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "This plausibility standard is met when the plaintiff pleads enough factual content to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bonanno v. New Penn Fin., LLC*, No. 17-229, 2017 WL 3219517, at *2 (M.D. Fla. July 28, 2017) (Moody, J.) (quoting *Iqbal*, 556 U.S. at 678).

Application of these well-established standards here requires dismissal of the SAC.

II. **The SAC Fails to State a TCPA Cellphone Provision Claim.**

To state a claim under the TCPA's cellphone provision, a complaint must allege plausible, factual allegations that the challenged texts were placed by the defendant (i) using an ATDS, (ii) to a cellular phone number, (iii) of which plaintiff was the authorized user or subscriber at the time of challenged calls, and (iv) without his or her consent. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 8000–01 ¶ 73 (2015); 47 U.S.C. § 227(b)(1)(A)(iii). Hackett's attempt to state a TCPA cellphone provision claim is defective in a number of respects.

> A.  **The SAC Pleads No Factual Allegations that the Alleged Texts Were Made with an ATDS.**

Hackett fails to state a cellphone provision claim against Quicken Loans because the SAC nowhere alleges facts showing any challenged texts were made using an ATDS. *See generally* SAC. Last year, the D.C. Circuit issued a unanimous ruling invalidating prior guidance by the Federal Communication Commission ("FCC") interpreting what is an ATDS. *See ACA Int'l v. FCC*, 885 F.3d 687, 693, 701–03 (D.C. Cir. 2018). In so doing, the D.C. Circuit held that the plain language of Congress' statutory definition of an ATDS (Section 227(a)(1)) controls. Under that statutory definition, to qualify as an ATDS, the challenged system must "perform each of two enumerated functions: (i) storing or producing telephone numbers 'using a random or sequential number generator' and (ii) dialing those numbers." *Id.* at 693 (quoting 47 U.S.C. § 227(a)(1)).

As this Court and numerous others have held since *ACA*, to state a cognizable claim for violation of the TCPA's cellphone provision, a plaintiff like Hackett must plead factual allegations showing that the challenged texts were made with equipment performing both functions—that the equipment "randomly or sequentially" generated his number, and then texted his number. *See Gaza v. Auto Glass Am., LLC*, No. 17-1811, 2018 WL 5775915, at *4 (M.D. Fla. Nov. 2, 2018) (Whittemore, J.) (defendant did not use ATDS when defendant created and uploaded a list of phone numbers to an online platform, selected certain customer names, and picked a date and time of delivery for text message); *Ramos v. Hopele of Fort Lauderdale, LLC*, 334 F. Supp. 3d 1262, 1265-66 (S.D. Fla. 2018) (system that texted consumers using a list of customers' numbers was not an ATDS); *see also Johnson v. Yahoo!, Inc.*, 346 F. Supp. 3d 1159, 1162 (N.D. Ill. 2018) ("According to the TCPA, an automatic telephone dialing system has the capacity to store or produce telephone numbers, using a random or sequential number generator.

7

47 U.S.C. § 227(a)(1). A device that stores or produces numbers without any use of a random or sequential number generator is a different device. . . . [L]ists developed without random or sequential number generation fall outside the statute's scope.").

The SAC here makes no such allegations. Instead, Hackett merely copies and pastes the statutory ATDS definition into his SAC, and then baldly asserts that the challenged texts "were placed via an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers." SAC ¶ 30. But this conclusory allegation is not enough to move Hackett's cellphone provision claim across the line from possible to plausible. This is because the allegation fails to plead any facts from which this Court could infer the challenged texts were placed with an ATDS that randomly or sequentially generated his number, and then texted his number.[2] *Gill v. Navient Sols., LLC*, No. 18-1388, 2018 WL 7412717, at *1 (M.D. Fla. Aug. 7, 2018) (Lazzara, J.) (dismissing TCPA claim that "fail[ed] to describe the phone messages or the circumstances surrounding the calls, such as the actual messages or conversations, to cause her to believe an ATDS was being used"); *see also Hazan v. Wells Fargo & Co.*, No. 18-10228, 2019 WL 1923272, at *3 (D.N.J. Apr. 30, 2019) (dismissing TCPA claim because "Plaintiff pled no facts, other than the sheer number of phone calls, to support an inference that Defendant used an ATDS").

Undeniably, "[t]o state a claim under Section 227(b)(1)(A)(iii), a plaintiff must plausibly allege—not merely assert—facts suggesting that the defendant used an automated telephone dialing system." *Weaver v. Wells Fargo Bank N.A.*, No. 15-1247, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015) (Merryday, J.). Plaintiff does nothing of the sort in the SAC, resting

---

[2] Hackett's failure to sufficiently plead the ATDS element is unsurprising because Quicken Loans does not randomly or sequentially generate phone numbers to text or call.

solely on his naked assertion that Quicken Loans violated the cellphone provision of the TCPA. SAC ¶ 34. But "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alternation in original) (citation omitted). "Plaintiff[] must do more than simply parrot the statutory language . . . . [And, consistent with this,] the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough.'" *Baranski v. NCO Fin. Sys., Inc.*, No. 13-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (citation omitted) (dismissing TCPA claim for failure to allege ATDS element).

Faced with similarly defective allegations, federal courts routinely dismiss conclusory TCPA cellphone provision claims like Hackett's here. *See, e.g.*, *Gill*, 2018 WL 7412717, at *1; *Cummings*, 2017 WL 4005455, at *3 (dismissing TCPA claim for failure to allege facts supporting ATDS element); *Weaver*, 2015 WL 4730572, at *3 (same); *McGinity*, 5 F. Supp. 3d at 1340 (same); *Bonanno*, 2017 WL 3219517, at *6 ("Merely alleging Shellpoint made calls 'using an automated dialing system, using an artificial or prerecorded voice, or using both' does not create any inference supporting the allegation that calls were made using an automatic dialing system, and are insufficient to state a facially plausible claim."); *Hazan*, 2019 WL 1923272, at *3 ("Here, the unadorned assertions in the FAC that Defendant used an ATDS are conclusory and insufficient to survive a motion to dismiss for failure to state a claim."); *Naiman v. Freedom Forever, LLC*, No. 19-00256, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019) (dismissing TCPA claim where "complaint contains no further, *factual* allegations regarding the alleged use of an ATDS" and is merely "a formulaic recitation of the elements of a cause of action" (internal citation omitted)); *Bodie v. Lyft*, No. 16-02558, 2019 WL 258050, at *2 (S.D.

Cal. Jan. 16, 2019) (dismissing TCPA claim when the "FAC merely parrot[ed] [the] statutory definition of an ATDS"); *Armstrong v. Investor's Bus. Daily, Inc.*, No. 18-2134, 2018 WL 6787049, at *6 (C.D. Cal. Dec. 21, 2018) (dismissing TCPA claim when allegations were "mere recitation of the legal definition of an ATDS as defined by TCPA"; "It is equally possible that the two text messages were sent manually by a person or perhaps not using an ATDS at all."); *Musenge v. SmartWay of the Carolinas, LLC*, No. 15-153, 2018 WL 4440718, at *3 (W.D.N.C. Sept. 17, 2018) ("*[S]ome* level of factual allegation is required [to plead ATDS element]. Simply attaching reproductions of text messages with no further connection to her specific allegations is insufficient." (emphasis in original)); *Rhinehart v. Diversified Cent., Inc.*, No. 17-624, 2018 WL 372312, at *8 (N.D. Ala. Jan. 11, 2018) (dismissing TCPA claim when plaintiff failed to plead facts plausibly establishing calls were made using an ATDS); *Trenk v. Bank of Am.*, No. 17-3472, 2017 WL 4170351, at *2–3 (D.N.J. Sept. 20, 2017) (dismissing TCPA claim; "The Court need not take Plaintiff's conclusory assertion that Defendant used autodialing as true"); *Douek v. Bank of Am. Corp.*, No. 17-2313, 2017 WL 3835700, at *2 (D.N.J. Sept. 1, 2017) (dismissing TCPA claim when plaintiff pled no facts supporting claim that calls or texts were automated); *Baranski*, 2014 WL 1155304, at *6 ("Plaintiffs . . . must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS."); *Jones v. FMA All. Ltd.*, 978 F. Supp. 2d 84, 86 (D. Mass. 2013) ("A 'bare allegation that defendants used an ATDS is not enough.'" (internal citations omitted)). This Court should follow suit and dismiss Hackett's defectively-pled cellphone provision claim for want of plausible, factual ATDS allegations.

> **B. The SAC Fails to Plausibly State a Claim Against Quicken Loans Under Rule 8.**

The SAC fails to put Quicken Loans on sufficient notice of Hackett's claims. The only factual detail Hackett pleads is that "the text message was an unsolicited and unwanted message regarding locking in loan rates" and that he allegedly received other (unidentified) violative texts "[o]n or around the month of September 2018." SAC ¶¶ 27–28. Plaintiff alleges that he received an unidentified number of "texts," and yet he attaches one partial screenshot of one alleged text message, which fails to show the date of the text, the phone number that sent the text, or the phone number that received the text. Plaintiff pleads no facts (none) regarding the other supposed text messages he received, allegedly from Quicken Loans. SAC ¶ 27. For instance, Plaintiff does not plead the phone number or short code from which any of the texts originated (much less that any such number or code belonged to Quicken Loans), the specific dates of any of the texts, the identity of the person who made any of the texts, or what specific language was used in any of the texts. Without such basic information, Plaintiff's conclusory allegations fail to plausibly support his claim that the texts originated from Quicken Loans, and fail to plausibly support his conclusory assertion that the texts were made without his consent. SAC ¶ 33; *see Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (dismissing TCPA claim when plaintiff failed to allege the phone number from which the calls came or the date and time of the calls). Nor does such scant pleading satisfy Rule 8's purpose to give fair notice to Quicken Loans of the claims against it and the potential exposure it faces. *Abbas v. Selling Source, LLC*, No. 09-3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) ("While Rule 8(a)(2) does not require facts to be pled with particularity, [plaintiff's] allegations here provide no notice to [defendant] about the subsequent messages Abbas allegedly received. There is no allegation regarding when Abbas received the later messages, what those

11

messages stated, or from what numbers he received the later messages. *Some fair notice to [defendant] is particularly necessary here because Abbas seeks recovery for each violation of the TCPA*." (emphasis added)).

### III. Plaintiff's Second Count is Not a Cause of Action and Should Be Dismissed.

In Count 2 of his SAC, Hackett purports to assert a separate cause of action against Quicken Loans for "knowing and/or willful" violation of the TCPA's cellphone provision. SAC ¶¶ 39–42. The TCPA allows a plaintiff to bring an action for an alleged violation of the cellphone provision, and separately allows treble damages as a *remedy* for a knowing or willful violation. 47 U.S.C. § 227(b)(3). As a remedy is not a cause of action, the second count should be dismissed. *Michael W. Kincaid DDS, Inc. v. Synchrony Fin.*, No. 16-790, 2017 WL 2599224, at *5 (S.D. Ohio June 15, 2017) (dismissing separate TCPA count for injunctive relief because "the applicable section [47 U.S.C. § 227(b)] does not provide for injunctive relief as a cause of action, but rather, allows a plaintiff to seek injunctive relief as a remedy for a violation of the TCPA."); *Arrington v. Walgreen Co.*, No. 09-1300, 2010 WL 11507708, at *1 (M.D. Fla. May 24, 2010) ("punitive damages is a remedy, not a cause of action").

Even if this were not the case, Hackett's "claim" for treble damages should be dismissed for two separate and additional reasons. First, the "claim" is derivative of and based on the same defective allegations underlying his TCPA cellphone provision claim in Count 1, and so fails with that claim for all the reasons set forth in Section II above. And, second, Plaintiff pleads no plausible factual allegations of any knowing or willful violation of the cellphone provision by Quicken Loans in connection with any of the text messages it purportedly sent to him on various

unidentified dates. Without such factual allegations, there is no basis to permit Count 2 to proceed further.[3]

## CONCLUSION

For the foregoing reasons, this Court should grant the Motion and dismiss the SAC, with prejudice.

---

[3] Quicken Loans anticipates that Plaintiff may argue in opposition that this motion to dismiss is somehow improper because Quicken Loans answered Plaintiff's First Amended Complaint. Any such argument need not detain this Court long because it is axiomatic that an amended complaint supersedes any previous complaints and responses. *See Fritz v. Standard Sec. Life. Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Hackett and his counsel chose to amend as part of their improper forum-shopping effort with plaintiffs and counsel from other TCPA cases against Quicken Loans. Having made that choice, Plaintiff should not be heard to complain that Quicken Loans has responded to the SAC with a Rule 12(b)(6) motion.

Moreover, all of the defenses that Quicken Loans raises in this motion were specifically asserted, and therefore preserved, in Quicken Loans' Answer to the First Amended Complaint. Dkt. No. 17 at 13–15 (First, Fifteenth, and Sixteenth Defenses). This motion is also proper because the SAC now before the Court differs in material respects from the prior complaint that Quicken Loans answered. *See Panwar v. Access Therapies, Inc.*, 975 F. Supp. 2d 948, 955 (S.D. Ind. 2013) (holding a motion to dismiss a second amended complaint was procedurally proper where defendant had previously answered a first amended complaint). Even though this case has yet to proceed beyond the initial pleadings stage, it has changed in substance (texts about health insurance to texts about mortgage rates), scope (nationwide class to now a single plaintiff), requested relief (now statutory and actual damages without injunctive relief), nature of the asserted claims (prerecorded messages and texts made with an ATDS to now only ATDS texts) and potential exposure to Quicken Loans. Plaintiff and his counsel's ever-changing conduct has caused Quicken Loans to expend substantial unnecessary resources in defense. They are in no position to argue unfairness and procedural technicalities under the circumstances here.

Respectfully submitted,

By: */s/ W. Kyle Tayman*
J. Kirby McDonough, Fla. Bar No. 79031
SPENCER FANE LLP
201 NORTH FRANKLIN STREET, SUITE 2150
TAMPA, FL 33602
PHONE: (813) 424-3501
kmcdonough@spencerfane.com

Brooks R. Brown (admitted *pro hac vice*)
W. Kyle Tayman (admitted *pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
bbrown@goodwinlaw.com
ktayman@goodwinlaw.com

*Attorneys for Quicken Loans Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants on June 12, 2019.

*/s/ J. Kirby McDonough*
J. Kirby McDonough
